UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-7860-DMG (PJWx) | Date | December 8, 2016 |
| Title | *Benchmark Insurance Company v. United Rentals North America Inc., et al.* | Page | 1 of 2 |

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND [11]**

    Plaintiff Benchmark Insurance Company moves to remand this case based on 28 U.S.C. § 1445(c). [Doc. # 11.]

    Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." California Labor Code section 3852 creates a subrogation cause of action for entities who pay workers' compensation benefits. It allows entities obligated to pay workers' compensation benefits to bring a claim against a tortious third party in order to recover those benefits.

    Here, the parties do not dispute that Benchmark's state court complaint against Defendants United Rentals (North America), Inc. and Manitou Americas, Inc. seeks reimbursement for workers' compensation benefits under section 3852. *See* Doc. # 1-1 (summons and complaint), 1-2 (First Amended Complaint). Rather, the issue raised by Manitou in its opposition to the remand motion is whether or not Benchmark waived the procedural bar under 28 U.S.C. § 1445(c) when it sought to intervene in a prior federal action brought by injured employee Jose Luis Lomeli. *See Lomeli v. United Rentals (North America) Inc., et al.*, No. CV 15-4346 DMG (PJWx) (the "Lomeli Action").

    Indeed, section 1445(c) is a waivable procedural bar. *Vasquez v. N. Cty. Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir. 2002) ("Even if § 1445(c) otherwise applies here, its bar against removal of workers' compensation claims is nonjurisdictional and may be waived."). For instance, a party's failure to timely object to federal jurisdiction can be deemed a waiver to the right to remand. *Id.* According to Manitou's opposition, Benchmark waived the procedural bar when it "availed itself of the jurisdiction of the federal court by intervening in [the Lomeli Action]" and participating in discovery, depositions, and the mediation. Opp. at 9 [Doc. # 17].

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-7860-DMG (PJWx)** | Date | December 8, 2016 |
| Title | *Benchmark Insurance Company v. United Rentals North America Inc., et al.* | Page | 2 of 2 |

    Benchmark made no such waiver in this case. Under Federal Rule of Civil Procedure 24(c), a motion to intervene "must state the grounds for intervention and be *accompanied by a pleading* that sets out the claim or defense for which intervention is sought." While Benchmark did seek leave to intervene in the Lomeli Action, it never filed a Complaint-in-Intervention or any other complaint in federal court. *See* Declaration of Kevin R. Spaulding ("Spaulding Decl.") ¶¶ 8-9, 32 [Doc. ## 11-3, 18-1]. By failing to do so as required under Rule 24, it failed to perfect its intervention in the Lomeli Action. Having never properly intervened in the federal action, Benchmark did not effectuate a waiver of section 1445(c)'s procedural bar.[1]

    Accordingly, because section 1445(c) bars the removal of Benchmark's state court complaint seeking reimbursement under California Labor Code section 3852, the Court **GRANTS** Benchmark's motion to remand. The clerk shall **REMAND** this case to the Los Angeles County Superior Court.

    The December 9, 2016 hearing on this matter is **VACATED**.

**IT IS SO ORDERED.**

---

[1] Notwithstanding Manitou's representations, Benchmark never provided initial discovery disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) and was never requested by a party do so. Spaulding Decl. ¶ 34.